IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                CRIMINAL ACTION NO. 2:20-cr-00116

CALVIN ALLEN

MEMORANDUM OPINION AND ORDER

Pending before the court is Calvin Allen's Motion for Recommendation Regarding Residential Reentry Center ("RRC") Placement. [ECF No. 46]. Mr. Allen is currently imprisoned at FCI Beckley in Beaver, West Virginia. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/index.jsp (first name "Calvin," last name "Allen") (last visited Jan. 24, 2023). According to Mr. Allen, he "is scheduled to be released [on] June 23, 2023."[1] [ECF No. 46, at 1]. In his motion, Mr. Allen asks the court to recommend to the Federal Bureau of Prisons ("BOP") that he be placed on home confinement instead of in a halfway house for the final portion of

---

[1] Mr. Allen's "Sentence Monitoring Computation Data," attached to his motion, and the Federal Bureau of Prison's Inmate Locator indicate a projected release date of January 3, 2024. [ECF No. 46, at 5–7]; *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/index.jsp (first name "Calvin," last name "Allen") (last visited Jan. 24, 2023).

Case 2:20-cr-00116 Document 47 Filed 01/25/23 Page 2 of 3 PageID #: 193

his incarceration. *Id.* at 3. For the reasons stated herein, Mr. Allen's motion is **DENIED**.

18 U.S.C. § 3624(c)(1) requires "[t]he Director of the Bureau of Prisons[,] . . . to the extent practicable, [to] ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for . . . reentry . . . into the community." This authority "may be used to place a prisoner in home confinement," and the decision-making rests exclusively with the BOP. 18 U.S.C. § 3624(c)(2), (4). Nevertheless, a sentencing court "may issue a non-binding, strictly advisory recommendation regarding [imprisonment] placement" on a defendant's post-sentencing motion. *United States v. Smith*, No. 6:15-cr-00006-001, 2019 WL 4016211, at *3 (W.D. Va. Aug. 26, 2019) (citing *United States v. Patterson*, No. 2:00-cr-187, 2019 WL 127962, at *2 (E.D. Va. Jan. 8, 2019)).

In this case, the court declines to issue the recommendation sought by Mr. Allen. As other courts have noted, the BOP is best positioned to make prerelease custody placements because of its familiarity with incarcerated individuals. *See, e.g.*, *id.* (finding that "the BOP [was] in a superior position to evaluate [the] [d]efendant's assertions and to determine the extent, if any, to which she should serve all or part of the end of her sentence in an RRC, or on home confinement"); *Castle v. Brown*, No. 5:21-cv-165, 2021 WL 4901712, at *2 (N.D.W. Va. Sept. 24, 2021) (declining to recommend a prerelease placement for the petitioner and instead choosing "to defer

2

to the experience of the BOP"). I therefore **DENY** Mr. Allen's Motion for Recommendation Regarding RRC Placement [ECF No. 46].[2]

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:     January 25, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] The court's denial of Mr. Allen's motion should not be read as reflecting a negative opinion on a decision to place him on home confinement.